UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION, COLUMBUS



FILED
JAMES BONINI
CLERK

2004 NOV 12 A 9:17

| | | |
|---|---|---|
| **JAMES I. PRATER**<br>2000 Malvern Road<br>Columbus, OH 43221 | : <br>: | Case No.  C2 04 1077 |
| and | : | Judge  JUDGE SARGUS<br>MAGISTRATE JUDGE KING |
| **HAROLD J. THORLEY**<br>5800 Forest Hills Blvd.<br>Apt. A-309<br>Columbus, OH 43231 | :<br>:<br>: | **COMPLAINT WITH JURY DEMAND** |
| and | : | **CLASS ACTION** |
| **JOAN P. MONTGOMERY**<br>918 Thomas Lane<br>Columbus, OH 43220 | :<br>: | |
| and | : | |
| **EILEEN BATEY**<br>6850 Belvelheimer Rd.<br>New Albany, OH 43054 | :<br>: | |
| and | : | |
| **JEFFREY B. WESTFALL**<br>22279 County Road 124<br>W. Lafayette, Ohio 43845-9777 | :<br>: | |
| **On behalf of themselves and a similarly situated class of retired OEA employees and their spouses** | :<br>: | |
| Plaintiffs, | : | |
| vs. | : | |

**OHIO EDUCATION ASSOCIATION**
Agent of Service:
Dennis Reardon
225 E. Broad Street
Columbus, Ohio 43215

**Defendant.**

\* \* \* \*

Plaintiff James I. Prater, et al. ("Plaintiffs"), on behalf of themselves and all other similarly situated retirees and their spouses, bring this Complaint against Ohio Educational Association ("OEA" or "Defendant") for breaches of contract to provide vested, lifetime retiree health benefits, as follows:

## NATURE OF ACTION AND SUMMARY OF CLAIMS

1.  Plaintiffs, retired employees of the Ohio Education Association ("OEA"), on behalf of a class of all similarly situated OEA retirees, spouses and dependents ("Plaintiff class"), bring claims against the OEA under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. 185(a), to enforce the terms of the collective bargaining agreements under which Plaintiffs and Plaintiff class retired, and which OEA has breached.

2.  During their respective employment with the OEA, Plaintiffs and Plaintiff class were represented for purposes of collective bargaining by either of two labor unions, the Professional Staff Union ("PSU") (or its predecessor) and the Ohio Associate Staff Union ("OASU") (or its predecessor). Under its collective bargaining agreements with the PSU and OASU, respectively, OEA is contractually obligated to provide certain lifetime health benefits to OEA retirees.

2

Specifically, among other obligations, the labor agreements require the OEA to supplement each retiree's health coverage, beginning at age 65, for costs that Medicare does not cover, including prescription drug coverage. The pertinent contract provisions relating to this obligation have remained materially identical for more than two decades.

3. At the time each Plaintiff and all similarly situated retirees retired from employment with OEA, these promised health benefits were expressly set forth in the collective bargaining agreements. Plaintiffs and all similarly situated retirees had a right and entitlement upon retirement to receive either continued Major-Medical coverage or a Medicare supplemental health benefit and prescription drug coverage commencing at age 65 for the duration of their retirement.

4. In March 2004, the OEA notified some retirees that OEA had unilaterally decided to cease providing these lifetime health benefits to retirees who had reached age 65. OEA's elimination of these benefits is potentially devastating to the financial security of each Plaintiff and all other similarly situated retirees. This post-65 supplemental health and prescription drug coverage is critical to these retirees because of the significant monetary amounts and types of health care costs that the Medicare program does not cover.

## PARTIES/JURISDICTION/VENUE

5. Defendant Ohio Education Association ("OEA") is a professional association that represents teachers and other employees who work at schools, colleges and universities throughout Ohio, and it also acts as an employer to hundreds of individuals who serve OEA in various capacities. OEA's principal place of business is in Columbus, Ohio, at the address listed in the caption.

6. Plaintiff James I. Prater resides at the address listed in the caption and is a retired employee of OEA and a retired member of the Professional Staff Union ("PSU"). PSU is the sole and exclusive labor organization that represents the professional staff employees of OEA. Mr. Prater is 69-years old and entitled to receive post-65 benefits as provided under the collective bargaining agreement between PSU and OEA in effect at the time of his retirement in 1989.

7. Plaintiff Harold J. Thorley resides at the address listed in the caption and is a retired employee of OEA and a retired member of the Professional Staff Union ("PSU"). Mr. Thorley is 77-years old and entitled to receive post-65 benefits as provided under the collective bargaining agreement between PSU and OEA in effect at the time of his retirement in 1984.

8. Plaintiff Joan P. Montgomery resides at the address listed in the caption and is a retired employee of OEA and a retired member of the Ohio Associate Staff Union ("OASU"). OASU is the sole and exclusive labor organization that represents the associate staff employees of OEA. Ms. Montgomery is 65-years old and entitled to receive post-65 benefits as provided under the collective bargaining agreement between OASU and OEA in effect at the time of her retirement in 1999.

9. Plaintiff Eileen Batey resides at the address listed in the caption and is a retired employee of OEA and a retired member of the Ohio Associate Staff Union ("OASU"). Ms. Batey is 78-years old and entitled to receive post-65 benefits as provided under the collective bargaining agreement between OASU and OEA in effect at the time of her retirement in 1988.

10. Plaintiff Jeffrey B. Westfall resides at the address listed in the caption and is a retired employee of OEA and a retired member of PSU. Mr. Westfall is 64-years old and will be

entitled at age 65 next year to receive post-65 benefits as provided under the collective bargaining agreement between PSU and OEA in effect at the time of his retirement in 1994.

11. This Court has jurisdiction of this action under Section 301(a) of the LMRA, 29 U.S.C. § 185(a). Venue is proper in this district as the OEA maintains its principal place of business within the district, and at least one of the named Plaintiffs resides in this district.

## FACTUAL ALLEGATIONS

12. In the last three decades and continuing to date, PSU and OASU have entered into a series of collective bargaining agreements with OEA to provide pension and welfare benefits to current and retired employees and their spouses and dependents.

13. In their respective collective bargaining agreements with PSU and OASU during this period of time, OEA has been contractually obligated to provide certain health and related benefits to employees upon their retirement, and upon attaining age 65 continuing (in a modified form to take into account eligibility for Medicare) for the duration of their retirement.

14. In 1978, OEA entered into a collective bargaining agreement with OASU (or its predecessor) that provided guaranteed, lifetime post-retirement health benefits to retirees, as follows:

> Article 17. Section 17.0509. <u>Association Paid Benefits</u>.
> Retired employees (present and future) shall be included in the Association group in regard to hospitalization; surgical; out-patient; and major medical coverage. After the retiree reaches age 65, the Association is required to provide only major-medical coverage.

(An excerpt of the 1984 OEA-OASU labor agreement, which contains the identical provision quoted above, is attached to this Complaint as "Exhibit A.")

5

15. Likewise, in 1981, OEA entered into a collective bargaining agreement with PSU that provided guaranteed, lifetime post-retirement health benefits to retirees, as follows:

Article 11. Section 11.014. <u>Retired Employees</u>

- Section 11.0141. <u>Continuation of Benefits</u>. The Association shall continue to provide all benefits provided by Sections 11.0112, 11.0113, and 11.0114 of this Contract for each retired employee to age sixty-five (65).

- Section 11.0142. <u>Reimbursement for Cost of Medicare</u>. The Association shall reimburse each retired employee over age sixty-five (65) for his/her cost of Medicare Part B.

- Section 11.0143. <u>Supplement to Medicare</u>. The Association shall supplement the benefits of Medicare Parts A and B to provide benefits at a level equal to those provided by Sections 11.0112, 11.0113, and 11.0114 of this Contract for each retired employee to age sixty-five (65).

(An excerpt of the 1981 OEA-PSU labor agreement, which reflects the provision quoted above, is attached to this Complaint as "Exhibit B".)

16. This contract language in the OEA-PSU and OEA-OASU labor agreements, as quoted above, remained virtually unchanged in OEA's labor agreements with OASU and its predecessor since 1978, and with PSU from 1981.

17. Under the language in the OEA-PSU and OEA-OASU agreements, the OEA has been contractually obligated to provide retirees' health coverage to PSU and OASU retirees, their spouses and dependents for the duration of their retirement. Upon retirement, these employees became vested in their retirees' benefits. The retirees' benefits provided under the agreements were guaranteed to continue for the duration of their lives and the lives of their covered spouses

and dependents. This health coverage provided by OEA permits these retirees to enjoy the same level of health coverage upon attainment of age 65, to which they are entitled under OEA's health plan as retirees before they became eligible for Medicare coverage.

18. However, OEA has decided not to honor this contractual obligation. On March 1, 2004, OEA Executive Director Dennis Reardon ("Reardon") distributed a letter to some PSU and OASU retirees notifying them that OEA would terminate post-65 retirees' health and prescription drug coverage, effective August 31, 2004.

19. At the time of their respective retirements, Plaintiffs and all other similarly situated OEA retirees justifiably relied upon OEA's promise to provide these health benefits contained in the collective bargaining agreements that were binding upon the OEA at the time these retirees' respective retirements began. This loss of coverage could cause Plaintiffs and all other similarly situated retirees and their spouses to suffer severe financial hardship.

## FIRST CLAIM FOR RELIEF
(Breach of Collective Bargaining Agreement –
Section 301 of the Labor Management Relations Act)

20. Plaintiffs incorporate the allegations of Paragraphs 1 through 19, set forth above, as if fully restated herein.

21. The OEA is an "employer" as that term is used under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

22. PSU and OASU are each a "labor organization" that represents employees in an "industry affective commerce" as the latter phrase is defined under 29 U.S.C. § 142 and as these terms are used under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

7

23. At all times relevant to this action, OEA entered into binding collective bargaining agreements with PSU and OASU.

24. OEA's unilateral decision to cease providing the Medicare supplemental health and prescription drug coverage to retirees at age 65 constitutes a breach of these collective bargaining agreements.

25. Plaintiffs and all other similarly situated retirees and their spouses have suffered, and will continue to suffer, loss of retiree benefits as well as other related harm as a proximate result of this breach.

26. Plaintiffs and all other similarly situated retirees and their spouses accordingly seek to enjoin OEA from its breaches of the collective bargaining agreements; to obtain an order restoring the benefits coverage as provided in those contracts; to be made whole for all losses suffered as a result of OEA's breaches of contract; and for such other and further relief as may be equitable and just under the circumstances.

## CLASS ALLEGATIONS

27. Plaintiffs incorporate the allegations of Paragraphs 1 through 26, set forth above, as if fully restated herein.

28. This action may be maintained as a class action pursuant to Fed. R. Civ. P. 23(b)(1)(A), 23(b)(1)(B) and/or 23(b)(2), as it satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Fed. R. Civ. P. 23. The class is defined as:

> All retired employees of the Ohio Education Association who retired under the terms of collective bargaining agreements between the

8

OEA and the unions representing its employees whose retiree benefits have been terminated by OEA (post-65 retirees); and, all retired employees of the OEA who retired under the terms of collective bargaining agreements between the OEA and the unions representing its employees whose retiree benefits will be terminated upon attainment of age 65 (pre-65 retirees).

29. Plaintiffs and all other similarly situated retirees, their spouses and dependents constitute a class of individuals who have been denied or will be denied benefits to which they are otherwise entitled under the terms of the collective bargaining agreements binding upon OEA at the time their respective retirements from OEA began.

30. The class is so numerous that the individual joinder of all its members, in this or any action, is impractical. The class constitutes approximately 118 retirees, not including their spouses and dependents.

31. Common questions of fact and law exist as to all members of the class, which predominate over questions affecting only individual members of the class.

32. The common facts include, but are not limited to, the following:

   (a) The contract language in the OEA-OASU (and its predecessor) labor agreements, as pertaining to post-65 retiree health benefits, has remained virtually unchanged since 1978 to date;

   (b) The contract language in the OEA-PSU (and its predecessor) labor agreements, as pertaining to post-65 retiree health benefits, has remained virtually unchanged from 1981;

   (c) Each member of the class retired from OEA after 1978.

33. The common questions of law include, but not are limited to, the following:

   (a) Whether the OASU-OEA collective bargaining agreements, from 1978 to date, obligate OEA to provide major medical coverage in the form of Medicare supplemental health and prescription drug coverage to all OASU retirees upon their turning age 65;

   (b) Whether the PSU-OEA collective bargaining agreements, from 1981 to date, obligate OEA to provide Medicare supplemental health and prescription drug coverage to all PSU retirees upon their turning age 65; and

   (c) Whether the OEA's cancellation of Medicare supplemental health and prescription drug coverage for its post-65 retirees constitutes a breach of its respective collective bargaining agreements with PSU and OASU and thereby violates Section 301 of the LMRA.

34. Within this class, there are three subclasses: (1) PSU retirees, their spouses and dependents ("PSU subclass"), (2) OASU retirees, their spouses and dependents ("OASU subclass"); and (3) OASU and PSU employees who retired under an applicable collective bargaining agreement providing lifetime retirees' benefits but who had not yet attained age 65 at the time of OEA's unilateral termination of the benefits, their spouses and dependents (the "pre-65 subclass"). Plaintiffs Montgomery and Batey are named as representatives of the OASU subclass. Plaintiffs Prater and Thorley are named as representatives of the PSU subclass. Plaintiff Jeffrey Westfall is named to represent the pre-65 subclass.

35. James Prater and Harold Thorley are adequate representatives of the PSU Subclass in that each is a PSU retiree; each is at least 65 years of age; each was employed by

OEA as a professional staff employee whose terms and conditions of employment were governed by the PSU contract; and, each retired under the terms of a PSU contract. The claims of Prater and Thorley are typical of those of the class as a whole, and of the PSU sub-class.

36. Joan Montgomery and Eileen Batey are adequate representatives of the OASU Subclass in that each is a OASU retiree; each is at least 65 years of age; each was employed by the OEA as an associate staff employee whose terms and conditions of employment were governed by the OASU contract; and, each retired under the terms of an OASU contract. The claims of Montgomery and Batey are typical of those of the class as a whole, and of the OASU subclass.

37. Jeffrey Westfall is an adequate representative of those OEA employees who retired under the contracts referenced in this action, whom had not reached age 65 at the time of their retirement, and who had vested in their rights to receive post-65 benefits as set forth in the collective bargaining agreements which covered them. Westfall is a retired OEA employee, who was formerly employed by OEA as a professional staff employee. He retired under the terms of a PSU contract. He currently receives retiree benefits under that contract. Pursuant to OEA's unilateral action his benefits will be terminated upon attainment of age 65. Westfall's claims are typical of the pre-65 sub-class.

38. Each of the named Plaintiffs' claims is identical to the claims of each member of the respective subclass in that each member is entitled to benefits under the respective labor agreements OEA entered into with PSU and OASU, respectively.

39. This action may properly be maintained as a class action under Fed. R. Civ. P. 23(b)(2) as the OEA has acted on grounds generally applicable to the entire class in that the

11

OEA's March, 2004 letter was distributed to each member of the class, the unilateral change terminating vested, lifetime retiree benefits announced in that letter became effective August 31, 2004, and that change has applied uniformly to all members of the class.

40. This action also may properly be maintained as a class action under Fed. R. Civ. Pro. 23(b)(1)(A), as prosecution of separate actions by or against individual members of the class would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

41. This action also may properly be maintained as a class action under Fed R. Civ. P. 23(b)(1)(B) as adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

**WHEREFORE**, Plaintiffs request the following relief be awarded by the Court:

(A) A Declaration that retirees who retired under the contracts referenced in this Complaint vested in those benefits for their respective lives and the lives of their spouses, and are entitled to the retirees' benefits as set forth in the respective contracts under which the members of the class retired;

(B) An Order compelling OEA to reinstate the retirees' benefits provided under the terms of the PSU and OASU contracts under which all members of the class retired;

(C) An Order that OEA make whole all member of the class whose retiree benefits have been terminated as a result of OEA's breaches of contract all losses suffered as a result;

(D)  An award of all costs and attorney's fees incurred in the investigation, initiation and prosecution of the claims in this action;

(E)  An award of pre-judgment and post-judgment interest; and

(F)  Such other and further relief as the Court may deem equitable and just under the circumstances.

Dated:   November 12, 2004

Respectfully submitted,

*David M. Cook*

David M. Cook   (Ohio Bar # 0023469)
Stephen A. Simon (Ohio Bar #0068268)
DAVID M. COOK, LLC
22 West Ninth Street
Cincinnati, Ohio 45202
Phone: (513) 721-7500
Fax:    (513) 721-1178
e-mail: dcook@dmcllc.com
Trial Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues.

_David M. Cook_
ATTORNEY FOR PLAINTIFFS