IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES I. PRATER, et al.,

    Plaintiffs,

v.

OHIO EDUCATION ASSOCIATION,

    Defendant.

Case No. 2:04-CV-1077
JUDGE EDMUND A. SARGUS JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of the Defendant's Motion to Strike Plaintiffs' jury demand (Doc. #16). For the reasons that follow, the Defendant's motion is granted.

### I.

This matter concerns the alleged breach of a series of collective bargaining agreements between the Defendant Ohio Educational Association ("OEA") and a group of retired OEA employees, Plaintiffs herein. The Plaintiffs assert purported class claims[1] against the Defendant OEA under §301 of the Labor Management Relations Act of 1947, ("LMRA"), 29 U.S.C. § 185(a). In particular, the Plaintiffs allege that, under the terms of the collective bargaining agreements, OEA was required to provide lifetime health benefits to its retired employees. Plaintiffs challenge OEA's March 2004 decision to deny supplemental Medicare coverage for its retirees beginning at age 65. (*Complaint* at 5). The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

---

[1] Issues of class certification are being briefed by the parties.

## II.

Defendant moves to strike the Plaintiffs' jury demand. Fed. R. Civ. P. 12(f) provides that the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The Seventh Amendment to the United States Constitution provides that, in "[s]uits at common law, where the value in controversy shall exceed twenty dollars, the right to a jury trial shall be preserved. . . . ." U.S. CONST. amend. VII. At issue before this Court is whether the Constitution guarantees the Plaintiffs a right to jury trial in an action arising under § 301 of the LMRA.

The fact that Plaintiffs' claim arises pursuant to statute does not itself limit the Seventh Amendment's guarantee to jury trial. The intent of the framers in constructing the Seventh Amendment was to preserve to litigants the right to jury trial not merely in suits "which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered . . . ." *Curtis v. Loether*, 415 U.S. 189, 193 (1974), quoting *Parsons v. Bedford*, 3 Pet. 433, 446-47 (1830).

The Supreme Court has outlined a two-part test for determining when a constitutional guarantee to a jury trial should apply to statutory causes of action. *Tull v. United States*, 481 U.S. 412 (1987). The test involves consideration of the nature of the action and the remedy sought. First, the Court must "compare the statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* at 417 (citations omitted). Second, the Court must "examine the remedy sought and determine whether it is legal or

equitable in nature." *Id.* at 417-18. The first step in the analysis is preliminary, not determinative. The main focus is on part two of the test -- the nature of the relief sought. *Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry,* 494 U.S. 558, 565 (1990); *see also Leary v. Daeschner,* 349 F.3d 888, 910 (6th Cir. 2003).

The Sixth Circuit has considered the test outlined in *Tull* in the context of an LMRA §301 claim. *Bittinger v. Tecumseh Products Co.,* 123 F.3d 877 (6th Cir. 1997); *see also Golden v. Kelsey-Hayes Co.,* 73 F.3d 648 (6th Cir. 1996). The suit *Bittinger* arose out of an alleged violation by the employer of a collective bargaining agreement; specifically, the termination of insurance benefits. The plaintiffs in *Bittinger* argued that their claim was analogous to a breach of contract and therefore a legal cause of action. However, the Sixth Circuit determined the claims to be equitable in nature because the plaintiffs' request for monetary damages was "incidental and intertwined with their fundamental request for a declaration that they [were] entitled to fully-funded retiree benefits." *Bittinger,* 123 F.3d at 883. The court recognized that, while certain claims under LMRA § 301 may support the right to a jury trial, such as a claim for breach of the duty of fair representation, an action for reinstatement of health care benefits is more equitable in nature. *Id.*

In this case, the Plaintiffs do not claim any breach of the duty of fair representation under the LMRA. Their sole allegation is breach of the collective bargaining agreements. In their prayer for relief, Plaintiffs seek:

> (A) A Declaration that retirees who retired under the contracts referenced in this Complaint vested in those benefits for their respective lives and the lives of their spouses, and are entitled to the retirees' benefits as set forth in the respective contracts under which the members of the class retired;

3

(B) An Order compelling OEA to reinstate the retirees' benefits provided under the terms of the PSU and OASU contracts under which all members of the class retired;

(C) An Order that OEA make whole all member[s] of the class whose retiree benefits have been terminated as a result OEA's breaches of contract all losses suffered as a result [*sic*];

(D) An award of all costs and attorney's fees incurred in the investigation, initiation and prosecution of the claims in this action;

(E) An award of pre-judgment and post-judgment interest; and

(F) Such other and further relief as the Court may deem equitable and just under the circumstances.

*Complaint* at 12-13.

In the Court's view, this is, at its core, a request for a declaration that the Plaintiffs are entitled to certain retiree benefits and therefore a claim which is primarily equitable in nature. Similar to the case in *Bittinger*, the Plaintiffs' request for damages incurred by the Defendant's alleged breach of contract is necessary in order to "make whole" the Plaintiff class. The monetary relief sought is incidental to and intertwined with Plaintiffs' request for reinstatement of benefits, which is injunctive in nature. Consequently, the Court concludes that a jury trial is not available on Plaintiffs' LMRA §301 claim.

### III.

In light of the foregoing, the Defendants' Motion to Strike the Jury Demand (**Doc. #16**) is **GRANTED.**

**IT IS SO ORDERED.**

_8-3-2005_
**DATE**

_____
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE