IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES PRATER, et al.,

    Plaintiffs,

v.

OHIO EDUCATION
ASSOCIATION,

    Defendant.

Case No. 2:04-cv-1077
Judge Sargus
Magistrate Judge King

## ORDER

### I.

Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds the Settlement filed at Docket Number 196-1 to be fair, reasonable, and adequate. The settlement of this matter is therefore approved, and Plaintiff's Motion for Settlement (Doc. 203) is hereby granted. In accordance with the Settlement, the Court further orders and/or finds as follows:

    a) the parties and counsel shall comply with and consummate the terms of the Settlement;

    b) class counsel and Plaintiffs have adequately represented the Settlement Class;

    c) each member of the Settlement Class shall be bound by the provisions of the Settlement;

    d) the mailing of the individual notice approved by the Court was reasonable, the best practicable notice under the circumstances, and satisfied the requirements of the Federal Rules of Civil Procedure and the requirements of due process under the Constitution of the United States;

    e) all claims in this action, including all individual and class claims asserted, as to

Defendant Ohio Education Association, are dismissed on the merits and with prejudice, and final judgment is hereby entered;

f) Plaintiffs and the Settlement Class, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, assigns, and successors are bound by this final judgment and have conclusively and fully compromised, settled, released, acquitted and forever discharged, to the fullest extent permitted by law, all of the released persons from the released claims;

g) upon the effective date of the Settlement, the Plaintiffs and all members of the Settlement Class, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, assigns, and successors, shall be barred from asserting any released claims against the Ohio Education Association, and any such members of the Settlement Class and/or other persons specified in Paragraph 41 of the Settlement shall have released any and all released claims as against the released persons;

h) the Settlement, and any proceedings taken pursuant thereto, are not, and shall not in any event be offered or received in any judicial or administrative proceedings as evidence of, a presumption, concession or admission of liability or any improper or unlawful act or omission whatsoever, or of any misrepresentation or misleading act or omission in any statement or written document approved or made by the Ohio Education Association; provided, however, that reference may be made to the Settlement in such proceedings as may be necessary to effectuate the provisions of the Settlement;

i) all members of the Settlement Class are barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceedings in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances

relating thereto, alleged in this action and/or the released claims;

j) the parties are authorized, without further approval from the Court, to agree to adopt such amendments or modifications of the Settlement as

(i) shall be consistent in all material respects with the final judgment and

(ii) do not limit the rights of members of the Settlement Class.

## II.

Also before the Court is Plaintiffs' Motion for Attorney Fees and Expenses (Doc. 202). Plaintiffs and their counsel have petitioned for approval of attorneys' fees and expenses in the amount of $1.75 million dollars pursuant to Federal Rules of Civil Procedure 23(h) and 54(d). Having satisfied the requirements of the federal rules and having demonstrated that $1.75 is a reasonable fee for Plaintiffs' counsel in these circumstances, Plaintiffs' Motion for Attorney Fees and Expenses is granted.

## III.

The Motion to Intervene of Professional Staff Union (Doc. 194) is hereby granted.

## IV.

All claims are **DISMISSED** with prejudice and the Clerk is directed to close this matter.

**IT IS SO ORDERED.**

5-11-2010
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE